## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFF P. PAULSON, | DOCKET NUMBER |
| Appellant, | SF-0845-20-0645-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: November 19, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff P. Paulson</u>, Colville, Washington, pro se.

<u>Karen Silveira</u> and <u>Tanisha Elliott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) finding that the appellant received an annuity overpayment and was not entitled to a waiver of the overpayment. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, REVERSE the initial decision, and FIND that the appellant sufficiently demonstrated his entitlement to a waiver of the overpayment.

## BACKGROUND

The appellant was employed by the National Park Service with the Department of the Interior. Initial Appeal File (IAF), Tab 9 at 61-63. In June 2008, OPM approved his application for disability retirement under the Federal Employees' Retirement System (FERS). *Id.* at 69. In lieu of retirement benefits from OPM, the appellant received benefits through the Office of Workers' Compensation Programs (OWCP) until May 30, 2016. *Id.* at 51-54. He then switched from OWCP benefits to receiving a disability retirement annuity through OPM. However, a processing error delayed payment until February 2017, when the appellant was placed in an interim status while OPM calculated his exact annuity. *Id.* at 38, 55-57. His annuity fluctuated several times while OPM recalculated his entitlement. *Id.* at 38-39.

In July 2019, OPM informed the appellant that errors in its calculation of his monthly annuity resulted in an overpayment. *Id.* at 24. The overpayment involved the incorrect over-calculation of the appellant's interim annuity in addition to OPM's failure to reduce his annuity for his elected survivor benefits and failure to make insurance deductions. *Id.* at 24-32. According to OPM, the total overpayment amount was $8,694.19. *Id.* at 31-32. The appellant sought reconsideration of the amount, waiver of the overpayment, and lower installments of recovery. *Id.* at 17-20. On July 9, 2020, OPM issued a reconsideration decision affirming its initial decision. *Id.* at 7-10. Although it found that the appellant was not at fault, OPM nonetheless denied his request for a waiver of the overpayment because he had not shown that recovery would be against equity and good conscience. *Id.* at 9. However, it altered the collection schedule to 115 months of $75.00 installments and a final installment of $69.19. *Id*. at 10.

The appellant filed an appeal of this reconsideration decision with the Board. IAF, Tab 1. The record contains multiple Financial Resource Questionnaires (FRQs) submitted by the appellant, which set forth his monthly income and expenses in support of a waiver of the overpayment as of February 2017, April 2020, and December 2020. IAF, Tab 9 at 11-16, Tab 26 at 4. OPM additionally submitted its assessment of the appellant's monthly income and expenses. IAF, Tab 24 at 6. In its closing statement, OPM adjusted the total overpayment amount to $5,424.87, based largely on the appellant's claim that he did not receive Federal health insurance during the relevant period and thus OPM's failure to deduct insurance payments was not erroneous. *Id.* at 4. OPM set forth a new collection plan of 72 monthly installments of $75.00 and a final installment of $24.87. *Id.*

The appellant did not request a hearing, and thus, the administrative judge issued an initial decision on the written record. IAF, Tab 1 at 1, Tab 27, Initial Decision (ID) at 1. The administrative judge found that OPM sufficiently proved the existence and amount of the adjusted overpayment of $5,424.87. ID at 5-7. She then found that the appellant failed to establish his entitlement to a waiver of the overpayment. ID at 7-13. In so holding, the administrative judge found that the appellant was not at fault for the overpayment but nonetheless failed to establish entitlement to a waiver due to unconscionability or financial hardship. *Id.*

The appellant has filed a petition for review, largely arguing that the administrative judge erred in calculating his monthly expenses in the financial hardship analysis. Petition for Review (PFR) File, Tab 1 at 4-5. The agency has responded to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that OPM sufficiently proved the existence and amount of the overpayment. ID at 5-7. The parties do not challenge this

finding on review, and we see no reason to disturb it. The administrative judge additionally found that the appellant was not entitled to a waiver of the overpayment based on financial hardship because, as calculated by the administrative judge, the appellant's monthly income exceeded his monthly expenses by $236.20. ID at 13. In so holding, the administrative judge lowered the appellant's monthly calculated expenses for medical/dental and transportation by $100.00 and $123.25, respectively. ID at 12-13. The appellant challenges the reduction of these expenses in the financial hardship analysis and argues that he is entitled to a waiver of the overpayment. PFR File, Tab 1 at 4-5. We agree with the appellant.

The appellant bears the burden of proving by substantial evidence that he is eligible for a waiver of the overpayment.[2] 5 C.F.R. §§ 845.301, 845.307(b). Recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience.[3] 5 U.S.C. § 8470(b); *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 18 (2011). Recovery is against equity and good conscience when, as relevant here, it would cause financial hardship. *See Vojas*, 115 M.S.P.R. 502, ¶ 22; 5 C.F.R. § 845.303(a). Financial hardship is deemed to exist when the annuitant from whom collection is sought needs substantially all of his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities.[4] 5 C.F.R. § 845.304.

For purposes of determining whether an annuitant is entitled to a waiver of recovery of the overpayment on grounds of financial hardship, the annuitant's

---

[2] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

[3] The administrative judge found, and the parties do not dispute, that the appellant was not at fault in the creation of the overpayment. ID at 7; IAF, Tab 9 at 9.

[4] The administrative judge found, and the parties do not dispute, that no liquid assets should be considered as available for recovery of the overpayment here. ID at 10 n.3.

monthly expenses are calculated by adding the annuitant's ordinary and necessary monthly expenses and $50.00 for emergency expenses, as allowed by OPM. *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 11 (2008). The total monthly expense figure is then subtracted from total monthly income to ascertain the annuitant's income/expense margin. *Id.* Once an annuitant's income/expense margin is determined, the Board will consider the annuitant's total financial condition and determine whether the annuitant needs substantially all his current income and liquid assets to meet current and ordinary living expenses and liabilities. *Id.* In calculating monthly expenses, the Board will give the appellant the benefit of the doubt unless the expense clearly constitutes an extravagance or a luxury. *Malone v. Office of Personnel Management*, 113 M.S.P.R. 104, ¶ 7 (2010). In the absence of a specific challenge by OPM, an appellant seeking a waiver of an annuity overpayment should not be required to substantiate his expenses and income unless the information appears incomplete or unreasonable on its face. *Spinella*, 109 M.S.P.R. 185, ¶ 11.

The administrative judge found the appellant's monthly income for purposes of the financial hardship calculation to be $3,155.00. ID at 11. The parties do not challenge this calculation, and we see no reason to disturb it. The administrative judge then found that the appellant's ordinary and necessary monthly expenses totaled $2,918.80, resulting in a monthly surplus of $236.20. ID at 13. The administrative judge largely relied on the appellant's most recent December 2020 FRQ in determining his total expenses. ID at 12-13; IAF, Tab 26 at 4.

In calculating the allowable expenses, the administrative judge reduced the appellant's claimed expense of $223.25 per month for transportation expenses, which includes gas, oil, and maintenance, finding that the appellant did not provide a basis for the amount and surmising that this was not an ordinary and necessary living expense because neither the appellant nor his spouse were currently employed. ID at 12. The administrative judge reduced the expense to

$100.00 per month without further explanation. *Id.* The record reflects that OPM acquiesced to the appellant's claim of $225.00 in monthly transportation expenses.[5] IAF, Tab 24 at 6. Thus, the appellant was not on notice of the need to further substantiate this expense, which on its face is not unreasonable. *See Spinella*, 109 M.S.P.R. 185, ¶ 11 (stating that, in the absence of a specific challenge from OPM, an appellant should not be required to substantiate expenses unless the information submitted appears incomplete or unreasonable on its face). Under the circumstances, we find that the fact that the appellant and his spouse are not employed is not sufficient justification for reducing this expense to $100.00. Further, after the initial decision put this expense at issue, the appellant provided more detail of his transportation expenses with his petition for review. PFR File, Tab 1 at 4-5. For example, he explained that he and his spouse both provide care to their elderly parents, which entails numerous visits per month, including 40-mile round trip visits to care for his father and several trips to Spokane, Washington, which is roughly 75 miles away one way. *Id.* The appellant further explained that he lives 15 miles outside of town, where he travels to several times monthly for food and supplies. *Id.* In addition to gas expenses, the appellant explained that he and his spouse both drive vehicles over 15 years old, which require various maintenance and upkeep throughout the year. *Id*. In light of the additional details provided on review and given that the Board generally gives the appellant the benefit of the doubt, we find that the appellant's claimed expense of $223.25 is not unreasonable. OPM's apparent concurrence further bolsters this conclusion.

The administrative judge also rejected the appellant's claimed expense of $200.00 a month for household medical and dental expenses, and she lowered this amount to $100.00. ID at 12. The record reflects that the appellant's estimates of

---

[5] The appellant's FRQ from April 2020 listed his transportation expenses as $225.00, but his subsequent financial statement submitted to the Board claimed $223.25 (i.e., $350.00 less $126.75 in automobile insurance premiums). IAF, Tab 24 at 6, Tab 26 at 4. We find for purposes of this analysis that the marginal difference is immaterial.

this expense have varied from $100.00 to $275.00 monthly in his FRQs submitted at different times in the processing of this matter. IAF, Tab 24 at 6, Tab 26 at 4. In his last FRQ, the appellant estimated $200.00 per month for these expenses, naming prescription and doctor co-payments and recurring installments on a medical bill. IAF, Tab 26 at 4. This amount does not appear unreasonable on its face, and we find that the appellant's overall claimed expenses do not reflect extravagant or luxurious expenditures. *Id.*; *see Malone*, 113 M.S.P.R. 104, ¶ 7. On review, the appellant has provided updated information and additional detail, which we find appropriate to consider. PFR File, Tab 1 at 4-5; *see* 5 C.F.R. § 845.304(a)(1) (stating that a consideration in a financial hardship determination is "[t]he individual's financial ability to pay at the time collection is scheduled to be made"). For example, the appellant avers that both he and his spouse now have separate $450.00 yearly deductibles for medical expenses, $70.00 in monthly prescription co-payment obligations, and $15 co-payment obligations for doctors' visits, which are often monthly. He further describes costs associated with dental and vision care. *Id.* Although OPM has filed a general opposition to the petition for review, it has not made a specific challenge to these claimed expenses, which appear reasonable on their face. PFR File, Tab 4. Accordingly, we conclude that $200.00 per month is an ordinary and necessary expense.

Considering the remaining expenses as approved by the administrative judge, with the two alterations set forth above, the appellant's monthly expenses are $3,142.05. Factoring in his $3,155 monthly income, the appellant's monthly income/expense margin is $12.95. The Board has held that an appellant needs substantially all of his current income to meet current ordinary and necessary living expenses and liabilities in similar situations. *See Niemi v. Office of Personnel Management*, 69 M.S.P.R. 549, 553 (1996) (finding that an appellant established financial hardship when she demonstrated that she had only $7.94 per month after expenses); *see also Wheelahan v. Office of Personnel Management*, 28 M.S.P.R. 427, 429 (1985) (finding that an appellant needed nearly all of his

current income to meet expenses, thus entitling him to a waiver of the overpayment, when his monthly surplus was $106.15). Accordingly, we find that the appellant needs substantially all of his current income to meet expenses, and thus he is entitled to a waiver of the overpayment based on financial hardship.

## ORDER

We ORDER OPM to waive collection of the overpayment of the appellant's disability retirement annuity in the amount of $5,424.87. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[6]

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights,

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         *Gina K. Grippando*
                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.